IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED AEROFOIL TECHNOLOGIES, AG, a Swiss Corporation, ADVANCED AEROFOIL TECHNOLOGIES, INC., a Delaware Corporation, and ADVANCED AEROFOIL TECHNOLOGIES, GMBH, a German Corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>THOMAS TODARO, ADVANCED ENGINEERING TECHNOLOGIES, INC. ANTHONY CHALDER, MARK TARBY, CHARLES BYRD, and DENNIS PFISTER<br><br>    Defendants | Case No. _____<br>Judge: _____ |

## NOTICE OF REMOVAL TO FEDERAL COURT

Submitted by:

**YOUNG & ASSOCIATES**
JAYE QUADROZZI
Counsel for Thomas Todaro, Advanced Engineering Technologies, Inc., Anthony Chalder, Mark Tarby, Charles Byrd, and Dennis Pfister
27725 Stansbury Blvd., Suite 125
Farmington Hills, MI  48334
efiling@youngpc.com
248.353.8620

Dated: October 9, 2013

1. The Petitioners filed this action seeking to vacate an Arbitration Award issued by the International Centre for Dispute Resolution in New York, New York, which was issued initially as a "Partial Final Award" on March 6, 2013 [See Ex. 1, 35-page Partial Final Award] and then as a "Final Award" on July 16, 2013 [See Ex. 2, 12-page Final Award].

2. Petitioners filed this action on September 17, 2013, in the Supreme Court of the State of New York, New York County, Index No. 653217/2013. Petitioners filed a Request for Judicial Intervention (Commercial Division) and a Notice of Petition which is returnable on October 31, 2013. A copy of the Petitioner's entire pleading package filed in state court is attached as Ex. 3.

3. At the arbitration, Petitioners alleged that the Respondents (former employees of Petitioners) conspired to steal confidential and proprietary information and technology belonging to Petitioners, and that the Respondents used the material to form a new company to compete with Petitioners. Respondents alleged that the Petitioners' claims violated the terms of a settlement agreement which included a covenant not to sue previously executed among the parties. Petitioners contended that the settlement agreement and covenant not to sue were unenforceable.

4. The arbitrator rejected the Respondents' claim on the merits,[1] found the settlement agreement among the parties to be valid and enforceable,[2] and found that the

---

[1] See Ex. 1, pp 27-28: "There was no credible evidence to conclude that Respondents used AAT's time, trade secrets, or facilities in any material way. More importantly . . . AAT did not establish with legally sufficient evidence, that Flowcastings and AAT were competing enterprises."

[2] See Ex. 1, p 33, § 6.2: "Respondents' counterclaim seeking a declaration that the Settlement Agreement is valid and enforceable is granted."

Petitioners' claims were brought in "obvious breach" of their covenant not to sue[3] and therefore awarded damages of approximately $300,000 to the Respondents.[4]

5. In Petitioner's action filed in the New York Supreme Court on September 17, 2013, Petitioners assert two related grounds for the arbitration award to be vacated pursuant to CPLR § 7511(b)(1): (A) the Arbitrator exceeded his powers, and (B) he manifestly disregarded governing contract provisions and applicable law. [Ex. 3].

6. Respondent Thomas Todaro was the first of the Respondents to be served by Petitioners in this action; service on him occurred on September 24, 2013.

## DIVERSITY JURISDICTION ALLEGATIONS

7. Petitioner ADVANCED AEROFOIL TECHNOLOGIES, INC. is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Illinois.

8. Petitioner ADVANCED AEROFOIL TECHNOLOGIES, AG is a Swiss corporation, with its principal place of business in Riedstrasse 7, CH-6330 Cham, Switzerland.

9. Petitioner ADVANCED AEROFOIL TECHNOLOGIES (GERMANY), GmbH, is a German corporation, with its principal place of business in Gottlieb-Keim-Str. 65, 95448 Bayreuth, Germany.

10. Respondent THOMAS TODARO is a resident and citizen of the State of New Jersey.

11. Respondent ADVANCED ENGINEERING TECHNOLOGIES is a New Jersey corporation, with its principal place of business in Branchville, New Jersey.

---

[3] Ex. 2, p 9, § 3.3.

[4] Ex. 2, pp 10-11, §§ 4.1 – 4.8.

Petitioners' claims were brought in "obvious breach" of their covenant not to sue[3] and therefore awarded damages of approximately $300,000 to the Respondents.[4]

5. In Petitioner's action filed in the New York Supreme Court on September 17, 2013, Petitioners assert two related grounds for the arbitration award to be vacated pursuant to CPLR § 7511(b)(1): (A) the Arbitrator exceeded his powers, and (B) he manifestly disregarded governing contract provisions and applicable law. [Ex. 3].

6. Respondent Thomas Todaro was the first of the Respondents to be served by Petitioners in this action; service on him occurred on September 24, 2013.

## DIVERSITY JURISDICTION ALLEGATIONS

7. Petitioner ADVANCED AEROFOIL TECHNOLOGIES, INC. is a corporation incorporated in the State of Delaware, with its principal place of business in the State of Illinois.

8. Petitioner ADVANCED AEROFOIL TECHNOLOGIES, AG is a Swiss corporation, with its principal place of business in Riedstrasse 7, CH-6330 Cham, Switzerland.

9. Petitioner ADVANCED AEROFOIL TECHNOLOGIES (GERMANY), GmbH, is a German corporation, with its principal place of business in Gottlieb-Keim-Str. 65, 95448 Bayreuth, Germany.

10. Respondent THOMAS TODARO is a resident and citizen of the State of New Jersey.

11. Respondent ADVANCED ENGINEERING TECHNOLOGIES is a New Jersey corporation, with its principal place of business in Branchville, New Jersey.

---

[3] Ex. 2, p 9, § 3.3.

[4] Ex. 2, pp 10-11, §§ 4.1 – 4.8.

12. Respondent ANTHONY CHALDER is a resident and citizen of the State of New Hampshire.

13. Respondent MARK TARBY is a resident and citizen of the State of New Jersey.

14. Respondent CHARLES BYRD is a resident and citizen of Germany.

15. Respondent DENNIS PFISTER is a resident and citizen of the State of California.

16. There is complete diversity of citizenship between Petitioners on one hand, and the Respondents on the other hand. See 28 U.S.C. § 1332(a)(3).

17. No Respondent is a citizen of the State of New York. See 28 U.S.C. § 1441(b)(2).

18. The amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of costs and interest. See 28 U.S.C. § 1332(a).

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on diversity of citizenship of the parties.

## PREVIOUS CASES

20. The Petitioners here violated their covenant not to sue not only by bringing the arbitration proceeding, but by filing two previous lawsuits in federal court, both of which were dismissed.

21. On or about November 4, 2011, these three Petitioners filed a Complaint in United States District Court, Northern District of Illinois, Case No. 11-cv-7866. This Complaint asserted claims against 11 Defendants (including five of the six Respondents named herein) and included substantially the same claims as the Petitioners later asserted in arbitration. The Illinois federal action was dismissed on November 30, 2011. [See Ex.

4 Memorandum Opinion and Order, United States District Court, Northern District of Illinois, Case No. 11-cv-7866].

22.   On or about December 23, 2011, the three Petitioners filed another Complaint against the same 11 Defendants, this time in United States District Court for the Southern District of New York, Case No. 11-Civ.-9505(ALC)(DCF). Judge Carter dismissed this case pursuant to F.R.Civ.P 12(b)(6) on January 30, 2013.  See [Ex. 5 Memorandum & Order, United States District Court, Southern District of New York, Case No. 11-Civ.-9505(ALC)(DCF)].

## STATUS OF RESPONDENTS' COUNSEL

23.   All six Respondents in this action are jointly represented by the undersigned counsel.

24.   Jaye Quadrozzi, co-counsel for Respondents, was admitted pro hac vice to this Court on March 1, 2012, in Case No. 11-civ-9505.  Ex. F.  Ms. Quadrozzi is a member in good standing of the State Bars of Michigan, California and Illinois, and has extensive practice in federal courts across the country.

26.   Respondents hereby remove this action to this Federal Court in accordance with 28 U.S.C. § 1446.

YOUNG & ASSOCIATES

BY: _____
JAYE QUADROZZI
Counsel for Thomas Todaro, Advanced Engineering Technologies, Inc., Anthony Chalder, Mark Tarby, Charles Byrd, and Dennis Pfister
27725 Stansbury Blvd., Suite 125
Farmington Hills, MI 48334
efiling@youngpc.com
248.353.8620

Dated: October 9, 2013

# INDEX OF EXHIBITS

1. Partial Final Award

2. Final Award

3. Petitioner's Entire Pleading Package

4. Memorandum Opinion & Order - NDIL, Case No. 11-cv-7866

5. Memorandum & Order - SDNY, Case No. 11-Civ-9505(ALC)(DCF)